Stern & Eisenberg, PC
1581 Main Street, Suite 200
The Shops at Valley Square
Warrington, PA 18976
Telephone: (215) 572-8111
Facsimile: (215) 572-5025
(COUNSEL FOR MOVANT)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In Re:
    Edie F. Spencer
        Debtor

Chapter: 13

---

Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity but solely as the Trustee for the Brougham Fund II Trust
        Movant
v.
Edie F. Spencer
        Debtor

Bankruptcy Case: 18-11846-jkf

Judge: Jean K. FitzSimon

## ORDER

    AND NOW, this _____ day of _____, 20____ upon consideration of the Stipulation/Consent Order between Debtor and Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity but solely as the Trustee for the Brougham Fund II Trust, it is hereby ORDERED and DECREED that the Stipulation/Consent Order is APPROVED and made an Order of the Court.

                              BY THE COURT:

                              _____
                              UNITED STATES BANKRUPTCY JUDGE

Stern & Eisenberg, PC
1581 Main Street, Suite 200
The Shops at Valley Square
Warrington, PA 18976
Telephone: (215) 572-8111
Facsimile: (215) 572-5025
(COUNSEL FOR MOVANT)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>    Edie F. Spencer<br>        Debtor | Chapter: 13 |
| Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity but solely as the Trustee for the Brougham Fund II Trust<br>        Movant<br>v.<br>    Edie F. Spencer<br>        Debtor | Bankruptcy Case: 18-11846-jkf<br><br>Judge: Jean K. FitzSimon |

### STIPULATION/CONSENT ORDER SETTLING OBJECTION TO CONFIRMATION

Upon the Second Amended Chapter 13 Plan of Debtor (docket entry 27) and the Objection to Confirmation by Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity but solely as the Trustee for the Brougham Fund II Trust ("Creditor"), through its counsel Stern & Eisenberg, PC (docket entry 24), and the parties agreeing to the entry of the Order settling the Objection, and for cause shown, it is hereby ORDERED AND DECREED as follows:

1. Debtor shall pay Creditor's claim (Proof of Claim 4-1) of $35,405.11 in full with 7% interest through the course of the Chapter 13 bankruptcy for a total of $42,062.48, plus an additional $953.67 in post-petition escrow advances made by Creditor, for a total of **$43,016.15** to be paid by Debtor to Creditor through the Plan.

2. Debtor shall be responsible for directly paying real estate taxes and insurance for the real property located at 7309 Buist Avenue, Philadelphia, PA 19153 ("Property") that is security for Creditor's claim.

3. Despite paragraph two (2), Creditor shall maintain the right to advance funds for taxes and insurance on the Property pursuant to the loan documents (*see* Claim 4-1). Creditor may file a Post-Petition Fee Notice pursuant to Federal Rule of Bankruptcy Procedure 3002.1 to identify such funds as recoverable.

4. Should Debtor fall delinquent on real estate taxes and/or insurance relating to the Property, Creditor may file a Motion for Relief from the Automatic Stay under § 362(d).

5. As Debtor shall be responsible for directly paying taxes and insurance on the Property, Creditor

shall not be required to file Notices of Payment Changes pursuant Federal Rule of Bankruptcy Procedure 3002.1 during the bankruptcy, and Debtor hereby waives any such right thereto.

6. Within ten (10) days of the entry of this Stipulation/Consent Order, Debtor shall remit a cashier's check to Creditor in the amount of $796.46 that represents the amount of a refund check that Debtor received from All State insurance company for insurance coverage that was cancelled and not fully used. Debtor shall list the loan # on the check and shall notate the check as for "Escrow Only." Debtor's counsel shall certify to Creditor's counsel by email of his personal knowledge that such funds are in the mail. Payment is to be sent to BSI Financial Services, 314 S. Franklin St., P.O. Box 517. Creditor may file a Motion for Relief from the Automatic Stay under § 362(d) should the above conditions not be met.

7. Within ten (10) days of the entry of this Stipulation/Consent Order, Debtor shall file an Amended Plan that incorporates the above terms.

8. Facsimile signatures shall be as valid as original signatures and this Consent Order/Stipulation may be signed in counterparts.

By signing this Stipulation/Consent Order, Debtor's Counsel represents that Debtor is familiar with and understand the terms of the Stipulation/Consent Order and agree to said terms regardless of whether Debtor has actually signed said stipulation. Seen and agreed by the parties on the date set forth below:

| | |
|---|---|
| /s/Christopher M. McMonagle, Esq. | _David M. Offen_ |
| Christopher M. McMonagle, Esq. | David M. Offen, Esquire |
| Stern & Eisenberg, PC | 601 Walnut Street |
| 1581 Main Street, Suite 200 | Suite 160 West |
| The Shops at Valley Square | Philadelphia, PA 19106 |
| Warrington, PA 18976 | 215-625-9600 |
| Telephone: (215) 572-8111 | Email: dmo160west@gmail.com |
| cmcmonagle@sterneisenberg.com | Counsel for Debtor(s) |
| Counsel for Creditor | |
| Date: 4/16/2019 | Date: 4-15-2019 |